**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
Roanoke Division**

| | |
|---|---|
| OBED JOSEPH, | ) <br> ) |
| Plaintiff, | ) <br> ) |
| v. | ) <br> ) Civil Action No. 7:21-cv-00293-MFU |
| AMERICOLD LOGISTICS, LLC, *et al*. | ) <br> ) |
| Defendants. | ) <br> ) |

**CONSENT MOTION TO SET ASIDE ENTRY OF DEFAULT**

Pursuant to Rule 55(c) of the Federal Rules of Civil Procedure, Defendants Kroger Limited Partnership I ("Kroger") and Kroger Dedicated Logistics Company ("KDLC") (collectively, "Kroger Defendants"), and Americold Logistics, LLC ("Americold") (collectively the "Defendants"), by counsel, submit this Consent Motion to Set Aside Entry of Default. In support of this Consent Motion, the Kroger Defendants state as follows:

1. On September 2, 2021, Plaintiff filed a Second Amended Complaint against the Kroger Defendants. (Doc. 19).

2. On September 3, 2021, the Court issued summonses addressed to Corporation Service Company ("CSC"), the Kroger Defendants' registered agent. (Doc. 20).

3. Through miscommunication and inadvertence, and despite their own controls for handling and documenting service and receipt of these types of legal documents, the Kroger Defendants were not aware of service on the registered agent.

1

4. On December 27, 2021, Plaintiff moved for an entry of default of the Kroger Defendants. (Doc. 29). On December 29, 2021, the Clerk entered the default of the Kroger Defendants. (Doc. 30).

5. Rule 55(c) provides that "[t]he court may set aside an entry of default for good cause." The Fourth Circuit has explained, "[w]hen deciding whether to set aside an entry of default, a district court should consider whether the moving party has a meritorious defense, whether it acts with reasonable promptness, the personal responsibility of the defaulting party, the prejudice to the party, whether there is a history of dilatory action, and the availability of sanctions less drastic." *Payne ex rel. Estate of Calzada v. Brake*, 439 F.3d 198, 203 (4th Cir. 2006).

6. The Fourth Circuit has "repeatedly expressed a strong preference that, as a general matter, defaults be avoided and that claims and defenses be disposed of on their merits." *Colleton Preparatory Academy, Inc. v. Hoover Universal, Inc.* 616 F.3d 413 (4th Cir. 2010) (citing *Tazco, Inc. v. Director, Office of Workers Compensation Program, U.S. Dep't Of Labor*, 895 F.2d 949, 950 (4th Cir. 1990) ("The law disfavors default judgments as a general matter."); *Consolidated Masonry & Fireproofing, Inc. v. Wagman Constr. Corp.*, 383 F.2d 249, 251 (4th Cir. 1967) ("Generally a default should be set aside where the moving party acts with reasonable promptness and alleges a meritorious defense.")).

7. In *Colleton*, the Fourth Circuit applied the *Payne* factors to vacate the district court's decision refusing to vacate an entry of default. *Colleton*, 616 F.3d at 418 (4th Cir. 2010). In applying these factors, the Fourth Circuit held that the district court "correctly found that [the defendant] presented evidence of a meritorious defense" and that the defendant "acted with the requisite promptness and diligence" when it asked to set aside default nine days after counsel

learned of the existence of the case. *Id*. The Fourth Circuit reasoned that it was "adher[ing] to [its] long-held view that Rule 55(c) motions must be liberally construed in order to provide relief from the onerous consequences of defaults and default judgments." *Id*. at 419 (internal quotations omitted).

8. Here, applying the *Payne* factors, the Kroger Defendants have factual and legal defenses to Plaintiff's claims. Specifically, the Kroger Defendants deny that they are or were Joseph's employer and that KDLC is not a legal entity. To the contrary, Americold Logistics admits that it, at all relevant times, was Plaintiff's employer for purposes of this action.

9. The Kroger Defendants have acted with reasonable promptness by immediately contacting counsel for the Plaintiff and filing this Motion as soon as possible after learning of the entry of default, with the intervening New Year's holiday in between. Granting the Kroger Defendants' Motion would not cause prejudice to Plaintiff or any undue delay.

10. Further, in light of these factors, the Kroger Defendants' actions and the Fourth Circuit's "strong preference" for disposing claims on their merits rather than on defaults, setting aside the default and resolving the claims on their merits rather than through entry of default is far less drastic than proceeding with the default. Failure to grant the relief sought in this Motion would unfairly prejudice the Kroger Defendants because it would deny them the opportunity to defend against Plaintiff's Complaint.

11. On December 31, 2021 and most recently on January 21, 2022, in house counsel and outside counsel for Americold conferred with Plaintiff's counsel regarding this Motion. Plaintiff agrees with this Motion and the relief requested by the Kroger Defendants and Americold.

Accordingly, for all of these reasons, the Kroger Defendants respectfully request that the Court grant their Motion and:

a. Set aside the Entry of Default against Kroger Limited Partnership I and Kroger Dedicated Logistics Company; and

b. Permit Defendants Kroger Limited Partnership I and Kroger Dedicated Logistics Company 14 days to file a responsive pleading to Plaintiff's Complaint.

Dated: January 25, 2022                     Respectfully submitted,

**JACKSON LEWIS P.C.**

By:   /s/ Kevin D. Holden
Kevin D. Holden (VA Bar No. 30840)
Meredith F. Bergeson (VA Bar No. 83885)
Jackson Lewis P.C.
701 E. Byrd Street, 17th Flr.
Richmond, Virginia 23219
Tel:  804.649.0404
Fax:  804.649.0403
Kevin.Holden@JacksonLewis.com
Meredith.Bergeson@JacksonLewis.com

*Counsel for Defendants*

## CERTIFICATE OF SERVICE

I hereby certify that on January 25, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall provide service to the counsel listed below:

>Thomas S. Strelka, Esq.
>L. Leigh R. Strelka, Esq.
>N. Winston West, IV, Esq.
>Brittany M. Haddox, Esq.
>Monica L. Mroz, Esq.
>STRELKA EMPLOYMENT LAW
>Warehouse Row
>119 Norfolk Avenue, S.W., Suite 330
>Roanoke, VA 24011
>thomas@strelkalaw.com
>leigh@strelkalaw.com
>winston@strelkalaw.com
>brittany@strelkalaw.com
>monica@strelkalaw.com
>
>*Counsel for Plaintiff*

By:  /s/ Kevin D. Holden
Kevin D. Holden (VA Bar No. 30840)
Meredith F. Bergeson (VA Bar No. 83885)
Jackson Lewis P.C.
701 E. Byrd Street, 17th Flr.
Richmond, Virginia 23219
Tel: 804.649.0404
Fax: 804.649.0403
Kevin.Holden@JacksonLewis.com
Meredith.Bergeson@JacksonLewis.com

*Counsel for Defendants*